IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY CLAYTON MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-CV-436-TCK-TLW |
| ) | |
| RON WARD, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 10), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 5). Petitioner filed a reply (Dkt. # 24). For the reasons discussed below, the Court finds the petition shall be denied.

Also before the Court is Petitioner's motion to stay proceedings (Dkt. # 26). In the motion Petitioner indicates he plans to "present newly discovered evidence and issue(s) before the local State Court that has recently been made known in order that the State of Oklahoma may have the opportunity to address such issue in the furtherance of justice." Id. Petitioner provides no further explanation or details about the "newly discovered evidence and issues(s)." As a result, the Court finds the motion to stay these habeas proceedings shall be denied.

### *BACKGROUND*

On October 28, 1999, police in Sapulpa, Oklahoma, conducted a raid in order to serve a search warrant on a house suspected of harboring drug dealers. Petitioner was in the front yard of the house as the police raid team pulled up in a U-Haul truck. Petitioner ran and was observed

discarding a baggie, which was later determined to contain 11.5 grams of cocaine base. Petitioner was apprehended, charged and convicted of Trafficking in Cocaine Base, after former conviction of two drug related felonies, in Creek County District Court Case No. CF-99-377. He was represented at trial by attorney Terry Weber. Petitioner was sentenced to life without the possibility of parole.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Kimberly Heinze, Petitioner raised seven (7) propositions of error on direct appeal:

| | |
|---|---|
| Proposition I: | Error occurred because contraband evidence obtained in violation of the Fourth Amendment was not suppressed. |
| Proposition II: | The State's evidence was insufficient to support Appellant's conviction for trafficking in illegal drugs after two prior convictions of a felony. |
| Proposition III: | Instructional error denied the jury proper guidance for the required elements and theory of defense. |
| Proposition IV: | The trial court erred by essentially directing a jury verdict on sentence enhancement with prior convictions arguably resulting from a single transaction. |
| Proposition V: | A mandatory sentence of life imprisonment without possibility of parole is cruel punishment in violation of the Oklahoma Constitution as applied in this case. |
| Proposition VI: | Defense counsel's failure to fully litigate the motion to suppress and request complete instructions denied Appellant's Sixth Amendment right to the effective assistance of counsel. |
| Proposition VII: | The cumulative effect of all errors addressed above deprived Appellant of a fair trial. |

(Dkt. # 5, Ex. 3). In an unpublished opinion, filed February 26, 2003, in Case No. F-2001-1031, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt.

# 5, Ex. 1). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court. No post-conviction proceedings were filed in state court.

Petitioner filed the instant habeas corpus petition on May 27, 2004 (Dkt. # 1). In his petition and brief in support (Dkt # 28), Petitioner raises the following six (6) grounds of error:

Ground 1:   The conviction was obtained in violation of the Fourth Amendment.

Ground 2:   The evidence was insufficient to support the conviction.

Ground 3:   Petitioner was denied due process of law.

Ground 4:   The sentence imposed in this case is cruel and unusual punishment.

Ground 5:   Petitioner was denied his Sixth Amendment right [to] effective assistance of counsel by defense counsel's failure to fully litigate the motion to suppress, by failing to discover evidence showing that the prior convictions were the result of the same transaction, and by failing to request complete jury instructions.

Ground 6:   The Petitioner was denied due process of law when he was not allowed to present instructions that were supported by the evidence.

See Dkt. ## 1, 28. In response, Respondent asserts that Petitioner's claims are not cognizable in this habeas action, are procedurally barred, or do not justify habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 10.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted all claims raised in the petition except a portion of his ineffective assistance of trial counsel claim. See Dkt. # 10 at 2. The Court agrees. The portion of the ineffective assistance of trial counsel claim which has not been presented to the OCCA is

technically unexhausted. Federal courts generally should dismiss habeas petitioners containing unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). Nonetheless, as the Tenth Circuit has held, this Court may "deny relief on the merits of a claim even if that claim has not been exhausted in state court." Spears v. Mullin, 343 F.3d 1215, 1234 (10th Cir. 2003); 28 U.S.C. § 2254(b)(2). Interests of comity and federalism underlie this principle, as well as avoiding litigation in state courts. Hoxsie v. Kerby, 108 F.3d 1239, 1242 (10th Cir. 1997) (citing Granberry v. Greer, 481 U.S. 129, 134 (1987)). In this case, the Court finds that the unexhausted claim of ineffective assistance of counsel should be denied on the merits. 28 U.S.C. § 2254(b)(2).

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented all but one of his claims to the OCCA on direct appeal. The OCCA considered, but rejected, each claim. See Dkt. # 5, Ex. 1. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims presented on direct appeal. As an initial matter, the Court notes that Petitioner has failed to assert a basis for finding that the OCCA's rejection of any of these claims on direct appeal warrants issuance of the writ under 28 U.S.C. § 2254(d). His petition, brief in support, and reply merely reiterate the assertions and arguments presented in his direct appeal pleadings.

### 1.     *Fourth Amendment violation (ground 1)*

As his first ground of error, Petitioner asserts that his conviction was obtained based on the introduction of evidence resulting from an unconstitutional search and seizure. Petitioner contends, as he did on direct appeal, that evidence regarding the baggie containing 11.2 grams of cocaine base should have been suppressed based on violations of the Fourth Amendment. See Dkt. # 28. He also argues that his arrest was made without probable cause, in violation of the Fourth Amendment.

On direct appeal, the OCCA rejected Petitioner's claim that the trial court erred in failing to suppress evidence resulting from an unconstitutional search and seizure, finding as follows:

> Appellant claims on appeal that the "baggie" of cocaine base was improperly seized from him pursuant to an unlawful arrest or investigatory stop. We need not dwell long upon this argument because it is clear that the drugs were discarded prior to any arrest or investigatory stop whether constitutional or not. A warrantless search of abandoned property does not implicate the Fourth Amendment prohibition of unreasonable searches. In *Menefee v. State*, 1982 OK CR 24, 640 P.2d 1381, we said, "When one voluntarily abandons property, he has no standing to complain of its search and seizure." Appellant's toss of the contraband was occasioned by the mere

5

> sight of an officer and not by any action or word of the officer. Appellant abandoned the contraband before he was arrested and has no grounds for exclusion of the evidence. *Cooper v. State*, 1991 OK CR 26, 806 P.2d 1136.

See Dkt. #5, Ex. 1 at 2 (footnote omitted).

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court stated that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court has given the petitioner a full and fair opportunity for litigation on the issue. Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

In the instant case, the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claim based on his allegation that the baggie of cocaine base evidence should have been suppressed because it was obtained following an unconstitutional search and seizure. According to the record, Petitioner's attorney filed a motion to suppress evidence on May 3, 2000. See Dkt. # 5, Ex. 2. He also raised his Fourth Amendment issue on direct appeal in Proposition I. See. Dkt. # 5, Ex. 3.

After examination of the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts based on the legality of his arrest and seizure of evidence. As a result, this Court is precluded from considering the Fourth Amendment issues raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S. at 494. See also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes, but is not limited to the procedural opportunity to raise or otherwise

present a Fourth Amendment claim). Therefore, the Court concludes that Petitioner's request for habeas relief premised on a violation of the Fourth Amendment shall be denied.

### 2. *Insufficient evidence (ground 2)*

In his second ground for relief, Petitioner argues that the state presented insufficient evidence to establish his guilt of trafficking in illegal drugs beyond a reasonable doubt. He contends that the state's evidence "left a reasonable doubt as to whether petitioner held and disposed of the cocaine base recovered from a lot in a high drug crime area" because it did not establish that he was in physical possession of the cocaine base or that he had knowledge that the drugs were present in the vacant lot (Dkt. # 1). The OCCA adjudicated this claim as a part of Petitioner's direct appeal, finding as follows:

> Appellant also challenges the sufficiency of the evidence to support his conviction. In *Spuehler v. State*, 1985 OK CR 132, 709 P.2d 202, the correct test for evaluating sufficiency of the evidence claims is set forth, i.e.: after viewing the evidence in the light most favorable to the state, could any rational trier of fact have found the essential elements of the crime beyond a reasonable doubt.
>
> Detective Green saw the Appellant run into the middle of Burnett Street, reach in his pocket and throw a "baggie" into a vacant lot. Detective Green then instructed another officer to recover the visible "baggie," which was found to contain cocaine base. The evidence supports the verdict of guilty.

Dkt. # 5, Ex. 1 at 2-3. Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 10 at 5-11).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a

7

factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Under Oklahoma law, no person may be convicted of trafficking in illegal drugs unless the State has proven beyond a reasonable doubt the following elements: (1) knowing and intentional, (2) distribution, manufacture, bringing into the state, or possession, (3) of five or more grams of cocaine base. See Okla. Stat. tit. 63, § 2-415. In this case,

the jury heard testimony from Sapulpa Police Detective Brant Green who observed Petitioner reach into his pants and throw a baggie into a vacant lot (Dkt. # 5, Ex. 4 at 130). As noted by the OCCA, "Detective Green then instructed another officer to recover the visible 'baggie,' which was found to contain cocaine base." Dkt. # 5, Ex. 1 at 3. Testimony revealed that the cocaine base in the baggie exceeded the five gram requirement. The Court concludes that this evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential elements of trafficking in illegal drugs beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of Jackson. The Court therefore finds that the OCCA's resolution of Petitioner's evidentiary challenge was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). As a result, the Court finds habeas corpus relief should be denied on this claim.

### 3. *Due process of law (ground 3)*

In Petitioner's third ground for relief he asserts that his due process rights were violated because the trial court improperly instructed the jury concerning his prior convictions. He states that he would not have faced a mandatory sentence of life without the possibility of parole if the trial court had properly instructed the jury regarding his prior convictions (Dkt. # 1).

The OCCA rejected this claim on direct appeal, finding:

> Appellant next complains that he did not have two prior felony convictions available for sentence enhancement purposes, because all of his convictions arose out of the same transaction. The evidence on the issue is that the Informations for the two felonies were filed on the same date. Pleas were entered on the same date.

9

> Judgment and sentence was issued for both Informations on the same date, and all four convictions were for the Distribution of Narcotics.
>
> We assigned the burden of proof on this issue to defendants in *Bickerstaff v. State*, 1983 OK CR 116, 669 P.2d 778, and have not wavered in that determination since *Bickerstaff*. Concerning sufficiency of defendant's evidence on this issue, we have said, "Pointing out on appeal that the charges are similar, that pleas to the crimes were entered on the same day or that the case numbers are consecutive is not sufficient proof." *Rackley v. State*, 1991 OK CR 70, 814 P.2d 1048. We have said that such offerings are "not conclusive of the relationship between the crimes." *Cooper v. State*, 1991 OK CR 26, m806 P.2d 1136. Appellant's case presents nothing that would compel a change in the law.

See Dkt. # 5, Ex. 1 at 3-4.

Respondent asserts that the claim presented in Petitioner's ground three is not cognizable on habeas corpus review because it involves matters of state law. The Court agrees with Respondent that Petitioner's challenge to the use of his prior convictions and the enhancement of his sentence concern matters of state law. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. Accordingly, Petitioner's ground three claim challenging application of Oklahoma's sentencing statutes is not cognizable in this federal habeas corpus proceeding and should be denied on that basis.

A petitioner may be entitled to habeas corpus relief, however, if he shows that the alleged violation of state law resulted in a denial of due process. See Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999) (citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)). "Moreover, the

deprivation occasioned by the state's failure to follow its own law must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial conscience." Aycox, 196 F.3d at 1180.

Petitioner has not demonstrated that the allegedly erroneous use of his prior convictions resulted in a denial of due process. Although he claims he was deprived of a fair second stage trial and due process of law, he provides no legal authority in support of this conclusory statement. Petitioner has failed to demonstrate that he was convicted or sentenced in violation of due process. Therefore, the Court concludes that Petitioner is not entitled to habeas relief on ground three.

### *4. Cruel and unusual punishment (ground 4)*

As his fourth proposition of error, Petitioner alleges that his life sentence, without the possibility of parole, is excessive. The OCCA rejected this claim on direct appeal, citing Dodd v. State, 879 P.2d 822 (Okla. Crim. App. 1994), and finding that the mandatory sentence of life imprisonment without the possibility of parole under the circumstances of Petitioner's case is "a legislative prerogative." See Dkt. # 5, Ex. 1 at 5.

During second stage proceedings, the State presented evidence that Petitioner had two prior felony drug convictions. The jury found Petitioner guilty of Trafficking in Illegal Drugs, After Prior Conviction of Two Felonies. See Dkt. # 5, Ex. 4. As a result, the mandatory punishment under Oklahoma's sentencing statute in effect at the time of Petitioner committed his crime, Okla. Stat. tit. 63, § 2-415(D)(3), was life imprisonment without the possibility of parole. Where the sentence imposed is within the maximum provided by law, as in this case, there is no basis for habeas relief. Cooper v. United States, 403 F.2d 71, 73 (10th Cir.1968).

To the extent Petitioner alleges a violation of the Eighth Amendment's prohibition on cruel and unusual punishment as the basis for his claim, the Court finds Petitioner is not entitled to relief

11

because his sentence is not grossly disproportionate to the crime he committed, trafficking in illegal drugs, after having been previously convicted of two drug related felonies. See Hawkins v. Hargett, 200 F.3d 1279, 1282 (10th Cir.1999); Rummel v. Estelle, 445 U.S. 263 (1980) (finding that a life sentence with the possibility of parole is not disproportionate for a three-time non-violent recidivist); Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991) (noting that severe, mandatory penalties "may be cruel, but not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history"). Further, the length of Petitioner's sentence cannot be said to be unreasonable in light of the deferential standard that binds this Court's analysis. See Lockyer v. Andrade, 538 U.S. 63, 72-3 (2003) (observing numerous impediments to challenging the length of a prison sentence under federal habeas review). The Tenth Circuit Court of Appeals has previously rejected similar arguments that a mandatory sentence of life imprisonment without parole constitutes a violation of the Eighth Amendment's proscription against cruel and unusual punishment. See e.g., United States v. Hutchison, 9 F.3d 118 (10th Cir. 1993). Thus, Petitioner is not entitled to habeas corpus relief based on any claim that his sentence is constitutionally excessive.

### 5.     *Ineffective assistance of trial counsel (ground 5)*

In ground five, Petitioner alleges that his Sixth Amendment right to the effective assistance of counsel was violated because his defense counsel failed to fully litigate the motion to suppress, failed to discover evidence showing that the prior convictions were the result of the same transaction, and failed to request complete jury instructions. See Dkt. # 1. In his brief in support of petition and in his reply Petitioner also claims his attorney failed to present any type of defense, call witnesses or investigate the facts of the case. See Dkt. ## 24, 28. On direct appeal, Petitioner did not claim that his trial counsel was ineffective for failing to present any type of defense, call witnesses

or fully investigate the facts. See Dkt. #5, Ex. 3 at 42-6. Petitioner did argue his trial counsel "did not interview or call any witnesses" supporting his defense that the search and seizure was illegal. Id. at 44. Rejecting the ineffective assistance of trial counsel claims raised on direct appeal, the OCCA found:

> Appellant complains that his trial counsel was ineffective for failing to obtain a clear record of the trial court's overruling of a motion to suppress, for failing to request an instruction on mere presence in the vicinity of illegal drugs, and for failing to object at trial to admission of the illegal drugs. As discussed above, Appellant was not entitled to prevail on a motion to suppress; Appellant was not entitled to additional instruction and an objection to admission of the illegal drugs would have been properly overruled. Appellant has failed to establish ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 558, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

See Dkt. # 5, Ex. 1 at 5-6.

Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of the claims was an unreasonable application of Supreme Court precedent. Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Petitioner must establish the first prong by showing that his counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or

13

omission of counsel was unreasonable." Id. at 689. To establish the second prong, Petitioner must show that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). Failure to establish either prong of the Strickland standard will result in denial of relief. Strickland, 466 U.S. at 697.

In this case, the OCCA determined that Petitioner would not have been not entitled to relief on his motion to suppress the evidence of the baggie containing the cocaine base because he had clearly abandoned the baggie (Dkt. # 5, Ex. 1 at 2). Petitioner does not challenge the fact that the baggie was located on the ground and that he denied it was his. Thus, the baggie containing cocaine base was abandoned and Petitioner had no reasonable expectation of privacy in the property. See United States v. Trimble, 986 F.2d 394, 399 (10th Cir. 1993) (explaining warrantless search or seizure of voluntarily abandoned property is not unreasonable under Fourth Amendment because the individual has forfeited any expectation of privacy he may have had in the property). His motion to suppress was without merit. Accordingly, his trial attorney was not constitutionally ineffective for failing to pursue the issue further. The OCCA's decision on this issue was not an unreasonable application of Supreme Court law. 28 U.S.C. § 2254(d).

Next, Petitioner contends his trial attorney was ineffective for failing to discover evidence showing that his prior convictions were the result of the same transaction. By his own admission, Petitioner acknowledges that his defense counsel "argued that the alleged two convictions with Judgment and Sentence on the same date were related in time and location and therefore arose from

the same transaction and should be treated as one conviction for the purposes of sentence enhancement." See Dkt. # 28 at 16. However, he also claims his attorney "failed to examine court records in the prior convictions, resulting in counsel not discovering the affidavits that show the prior convictions arose from the same incident." Id. at 19. Petitioner fails to provide further detail about the referenced affidavits, nor does he explain how the court records in the prior convictions would have confirmed his argument that they were the result of the same transaction. This Court cannot find that trial counsel's representation was deficient for failing to discover evidence regarding Petitioner's prior convictions. Having found no deficiency, the Court concludes that the OCCA's decision that counsel was not ineffective under the Strickland standard was not contrary to or an unreasonable application of clearly established Supreme Court law.

Further, Petitioner has not demonstrated that his attorney was ineffective for failing to request a jury instruction that mere proximity to a substance is insufficient proof of possession. As noted by the OCCA, the evidence in this case was that Petitioner had actual dominion and control of the drugs before he tossed them on the ground and the "trial court would have properly declined this instruction if requested by the defendant." See Dkt. # 5, Ex. 1 at 3. The state appellate court concluded that, "We cannot find ineffective assistance of trial counsel in failing to request an instruction that was not warranted by the evidence." Id. Petitioner has wholly failed to explain how this decision by the OCCA was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d). Petitioner has not demonstrated that his attorney's failure

15

to request the omitted jury instruction was constitutionally ineffective representation. He is not entitled to relief on this issue.

The Court therefore finds that the OCCA's resolution of Petitioner's claims of ineffective assistance of counsel as raised on direct appeal was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). As a result, the Court finds habeas corpus relief should be denied on those claims.

Finally, insofar as Petitioner makes the general claim that his attorney was ineffective for failing to call witnesses, present any type of defense, or adequately investigate the facts, the Court finds that the issue lacks merit and should be denied under § 2254(b)(2). Petitioner has failed to identify any witnesses his attorney failed to call or facts he failed to investigate. Nor has he identified a defense his attorney failed to present at trial. Petitioner has failed to demonstrate a reasonable probability that, but for his counsel's alleged unprofessional error, the result of his trial would have been different. Strickland, 466 U.S. at 694. This unexhausted claim of ineffective assistance of counsel fails on the merits, and Petitioner is not entitled to habeas relief.

### 6.     *Omitted jury instructions (ground 6)*

In his final claim for habeas relief, Petitioner contends that he was denied due process of law when he was not allowed to present instructions supporting his "theory of defense." Respondent argues that jury instruction claims are a matter of state law and not cognizable in a federal habeas proceeding. Alternatively, Respondent asserts that the jury was instructed properly based on the evidence presented at trial. The OCCA addressed this issue, finding:

> Appellant next asserts that the trial court erred in not instructing the jury, even absent a request from defense counsel, that "mere proximity to a substance is insufficient proof of possession" in accordance with Oklahoma Uniform Jury Instruction -- Criminal 6-11. That instruction is designed for cases in which there is evidence that

16

>   the defendant had constructive, rather than actual, possession of a controlled dangerous substance. The evidence in this case was exclusively that Appellant had actual dominion and control of the drugs. The trial court would have properly declined this instruction if requested by the defendant.

See Dkt. # 5, Ex. 1 at 3. A habeas petitioner challenging a state court's ruling on jury instructions bears a difficult burden. He must establish that the alleged error by the trial court so infected the trial with unfairness that the resulting conviction was a denial of due process. See Neely v. Newton, 149 F.3d 1074, 1085-86 (10th Cir. 1998). Petitioner has failed to meet that burden. As the OCCA explained, Petitioner was observed to be in dominion and control of the drugs in the baggie. He was not in "mere proximity" as the requested instruction would have required. Habeas relief shall not be granted on this issue.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion to stay (Dkt. # 26) is **denied**.
2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
3. A separate Judgment shall be entered in this case.

**DATED** this 27th day of February, 2009.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE